IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN PITTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-00025-JD |
| | ) |
| SCOTT NUNN, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 5] issued on February 22, 2022, under 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell recommends that Petitioner Herman Pitts's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed as untimely. R. & R. at 15. Judge Mitchell advised Mr. Pitts of his right to object to the R. & R. by March 15, 2022. Mr. Pitts timely objected on March 7, 2022. [Doc. No. 6].

Because an objection is being considered, the Court reviews the R. & R. de novo. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court also liberally construes Mr. Pitts's pleadings because he is proceeding pro se. Having done so, the Court agrees with the R. & R. and dismisses with prejudice Mr. Pitt's habeas petition as untimely. The Court also denies a certificate of appealability.

I.  **Background**

Mr. Pitts pleaded guilty to one charge of child sexual abuse and a state court sentenced him to life in prison on February 17, 2015. [Doc. No. 1]. Mr. Pitts filed for post-conviction relief on August 31, 2020, but was denied. As the R. & R. sets out at pages 4–5, 28 U.S.C. § 2244(d), part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), establishes a one-year limitations period during which an inmate in state custody can file a federal habeas petition challenging a state conviction. Section 2244(d) provides the triggers and tolling provisions for this limitations period.

Mr. Pitts's conviction became final on February 4, 2016, and his habeas "clock" began running the next day. Accounting for the deadline falling on a weekend,[1] his habeas deadline expired a year later on February 6, 2017. R. & R. at 11. Thus, the key date in this case is February 6, 2017. Mr. Pitts did not file any further known challenges until after the U.S. Supreme Court decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Presumably as a result of *McGirt*, Mr. Pitts appealed to the Oklahoma Court of Criminal Appeals ("OCCA") on August 13, 2021, and the OCCA affirmed on December 1, 2021. Mr. Pitts filed this habeas petition on January 6, 2022. [Doc. No. 1].

Mr. Pitts argues that the statute of limitations in 28 U.S.C. § 2244(d) has not

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

expired because, after factoring in post-conviction proceedings,[2] he filed this action within one-year of the decision in *Sizemore v. State*, 485 P.3d 867 (Okla. Crim. App. 2021), the case that he claims triggered his entitlement to habeas relief. *See* [Doc. No. 1 ¶ 18] (citing to *McGirt* and related cases in response to question about why the one-year statute of limitations does not bar the petition).[3] The R. & R. disagreed that *Sizemore* or related cases are the trigger for the statute of limitations, and also determined that no tolling applies in this case.

## II.    Discussion

### A.    Mr. Pitts's subject-matter jurisdiction challenge is subject to AEDPA.

In his objection to the R. & R., Mr. Pitts argues that the state court lacked jurisdiction, and that challenges to subject-matter jurisdiction are not subject to the AEDPA statute of limitations. [Doc. No. 6 at 1–2, 5–8]. Mr. Pitts contends that AEDPA "assumes competent jurisdiction for a judgment to become final." [*Id.* at 2]. He argues that Oklahoma could not have acquired jurisdiction "because the Oklahoma Enabling Act

---

[2] This AEDPA statute of limitations "is tolled during the time state post-conviction review is pending . . . ." *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (citation omitted).

[3] In his petition, Mr. Pitts claims that *Sizemore* "establish[ed] the Chickasaw reservation's continuance," but that case concerned the continuity of the Choctaw Reservation, not the Chickasaw Reservation. The OCCA recognized that Congress never disestablished the Chickasaw Reservation and that the lands within its boundaries are Indian country in *Bosse v. State*, 499 P.3d 771 (Okla. Crim. App. 2021). The Court will refer to *Sizemore* throughout because that is the case Mr. Pitts relies on, but the petition is untimely regardless of whether Mr. Pitts relies on *Sizemore*, *Bosse*, or *McGirt* because none of these cases triggers his habeas clock.

reserved such jurisdiction to the United States . . . ." [*Id.* at 1 (footnote omitted); *see also id.* at 7].[4]

However, absence of subject-matter jurisdiction claims directed at the convicting court—like Mr. Pitts's—are due-process claims, and "[a]s with any other habeas claim, [due process challenges are] subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished); *see also Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished) (denying request for certificate of appealability about untimeliness of state prisoner's habeas claim that the state lacked jurisdiction to prosecute him); *United States v. Patrick*, 264 F. App'x 693, 694–95 (10th Cir. 2008) (unpublished) (declining to issue a certificate of appealability and dismissing appeal where petitioner-appellant challenged the district court's dismissal of an untimely habeas petition challenging the convicting court's subject-matter jurisdiction). Contrary to Mr. Pitts's arguments, "a habeas claim predicated on a convicting court's lack of

---

[4] The R. & R. reaches a recommendation that the habeas petition is procedurally barred for untimeliness without reaching the merits of the underlying claim. Thus, the Court reviews and analyzes that recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, the Court notes in dicta for Mr. Pitts's benefit *Oklahoma v. Castro-Huerta* issued on June 29, 2022 (after he filed his habeas petition and objection), wherein the U.S. Supreme Court recognized that the federal government and the state have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country. 142 S. Ct. 2486, 2504–05 (2022). The Supreme Court also explained that it "has long held that States may prosecute crimes committed by non-Indians against non-Indians in Indian country." *Id.* at 2496 (citing *United States v. McBratney*, 104 U.S. 621, 623–24 (1882); *Draper v. United States*, 164 U.S. 240, 242–46 (1896)); *see also id.* at 2494 ("States have jurisdiction to prosecute crimes committed in Indian country unless preempted"). The Supreme Court further held that the Oklahoma Enabling Act does not displace state criminal jurisdiction over Indian country. *Id.* at 2503–04; *see id.* at 2504 ("To be clear, the Court today holds that Indian country within a State's territory is part of a State, not separate from a State.").

subject matter jurisdiction 'is subject to dismissal for untimeliness.'" *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished) (collecting cases).[5]

Oklahoma district courts appear to uniformly apply this reasoning in post-*McGirt* cases and hold that subject-matter jurisdiction challenges must comply with AEDPA. *See, e.g.*, *Davis v. Nunn*, No. CIV-21-1028-SLP, 2022 WL 1618534, at *2 (W.D. Okla. May 23, 2022); *Donahue v. Harding*, 2021 WL 4714662, at *6 (W.D. Okla. Sept. 15, 2021), *report & recommendation adopted*, No. CIV-21-00183-PRW, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021); *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021); *Cole v. Pettigrew*, No. 20-CV-0459-JED, 2021 WL 1535364, at *2 n.4 (N.D. Okla. Apr. 19, 2021). Thus, any challenge by Mr. Pitts that the state court lacked jurisdiction as a result of *McGirt* (or *Sizemore*) must still be timely under AEDPA. His objection to AEDPA applying to his jurisdictional challenge is therefore overruled.

---

[5] Mr. Pitts argues that his due process violation is different from other due process violations because the AEDPA time limit violates various provisions of the Constitution. *See* [Doc. No. 6 at 4–5]. *Lamarr*, however, dealt with a *McGirt*, state-court subject-matter jurisdiction challenge. Regarding his specific arguments, the United States Congress adopted the AEDPA time limits so there is no concern of state usurpation of congressional plenary power nor a supremacy clause issue in applying the time limits to his petition. His suspension clause argument also fails because Mr. Pitts does not show how the limitation period "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (explaining "[t]he burden is on the petitioner to demonstrate inadequacy and ineffectiveness").

**B.      Mr. Pitts's objection under 28 U.S.C. § 2244(d)(1)(B), (C), and (D) lacks merit.**

Mr. Pitts asserts that his basis for seeking habeas relief did not ripen until the OCCA applied the *McGirt* decision in *Sizemore*.[6] Mr. Pitts's reliance on *Sizemore* as triggering his statute of limitations "clock" is misplaced for the reasons articulated in the R. & R. *See* R. & R. at 4–12 (citing numerous cases rejecting Mr. Pitts's arguments on trigger for limitations). The Court concurs with the R. & R. and cannot add significantly to its analysis regarding Mr. Pitts's deadline under 28 U.S.C. § 2244(d)(1)(A) to file for habeas relief.

Mr. Pitts's objection that § 2244(d)(1)(B), (C), and (D) impact the start date for his limitations period lacks merit. He argues that the state trial court's lack of jurisdiction gives him a later start date, that *McGirt* recognized a new constitutional right which provides a later start date, and that the recognition of the continuation of the reservation establishes a new factual predicate of his claim. [Doc. No. 6 at 2–3]. But Mr. Pitts has not identified any impediment or any facts preventing him from timely filing or discovering such claim through the exercise of due diligence, nor does *McGirt* create a new constitutional right. The Tenth Circuit has rejected the latter argument. *See Pacheco v. El Habti*, 48 F.4th 1179, 1183 (10th Cir. 2022) (holding that "*McGirt* did not announce a new constitutional right"); *Lamarr*, 2022 WL 2678602, at *2, n.2 (noting that *McGirt* did not establish a new constitutional right that would trigger a new date for the limitations

---

[6] *McGirt* determined that Congress never properly disestablished the Muscogee (Creek) Nation Reservation. *Sizemore* extended *McGirt* to the Choctaw Reservation, and *Bosse* extended the decision to the Chickasaw Reservation.

period) (citing *Hill v. Nunn*, No. 22-6042, 2022 WL 2154997, at *1 (10th Cir. June 15, 2022) (unpublished)). And numerous courts that this Court finds persuasive have rejected the contention that § 2244(d)(1)(B), (C), or (D) provide a later filing date in these circumstances or that the state court's subject-matter jurisdiction operates to give him a later filing date. *See Hill v. Nunn*, No. CIV-21-1208-SLP, 2022 WL 597274, at *1 (W.D. Okla. Feb. 28, 2022) ("[T]he *McGirt* decision did not recognize a new constitutional right . . . . Petitioner cannot rely on § 2244(d)(1)(C) as the triggering date"; also rejecting petitioner's argument that subject-matter jurisdiction renders AEDPA's statute of limitations inapplicable) (citing cases); *Jones*, 2021 WL 3854755, at *2 (finding that the petitioner did not allege facts implicating either § 2244(d)(1)(B) or (D), and rejecting the proposition that *McGirt* should be used as a commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction) (citing cases); *Cole*, 2021 WL 1535364, at *2 n.4 (explaining "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction" and rejecting petitioner's reliance on subject-matter jurisdiction to show his petition is timely). Accordingly, the Court overrules Mr. Pitts's objection to the start-date for his limitations period.

**C.      Mr. Pitts is not entitled to statutory tolling of the limitations period.**

Mr. Pitts's claim could be timely if the statute of limitations were tolled by operation of "statutory tolling" under the plain terms of the applicable statute, 28 U.S.C.

§ 2244(d)(2).[7] However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As the R. & R. determined, statutory tolling is not applicable because Mr. Pitts filed the petition for post-conviction relief in state court on August 31, 2020—well after the expiration of AEDPA's one-year period on February 6, 2017. *See* [Doc. No. 1]. Under binding Tenth Circuit authority, Mr. Pitts is not entitled to statutory tolling of the AEDPA limitations period.

**D.    Neither equitable tolling nor an equitable exception for miscarriage of justice is warranted in this case.**

In certain cases, the statute of limitations can be tolled for equitable reasons. To obtain equitable tolling, Mr. Pitts must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires Mr. Pitts "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotation omitted). Examples of the "rare and exceptional circumstances" for equitable tolling include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a

---

[7] This provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (cleaned up).

The Tenth Circuit has already determined that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted). As the R. & R. correctly noted, this Court and those in neighboring districts have found that a jurisdictional claim under *McGirt* arises from ignorance of the law as it already existed prior to the decision. *See Seals v. Smith*, 2020 WL 6038760, at *4 (W.D. Okla. June 4, 2020) ("Petitioner, however, knew the factual predicate for his jurisdictional claim—i.e., the location of his crimes and his status as a tribal member—when he entered his plea.") (internal quotation marks omitted), *report and recommendation adopted*, No. CIV-19-1069-D, 2020 WL 3605027 (W.D. Okla. July 2, 2020); *Sanders v. Pettigrew*, No. CIV 20-350-RAW-KEW, 2021 WL 3291792, at *6 (E.D. Okla. Aug. 2, 2021) (finding "no evidence in the record to suggest that uncontrollable circumstances impeded him from timely filing his federal claim" when petitioner made a jurisdictional claim based on *McGirt* because that case "did not break any new ground" or "recognize a new constitutional right"); *Stiltner v. Nunn*, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) ("[A] reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020."). Exercising due diligence, Mr. Pitts could have discovered the facts necessary to make his jurisdictional claim before the Supreme Court decided *McGirt* and before OCCA decided *Sizemore*, and his ignorance of the law is not sufficient to toll the

statute of limitations.

The R. & R. was also correct in finding that Mr. Pitts cannot overcome AEDPA's statute of limitations with a claim of actual innocence. Mr. Pitts has made no claim of actual innocence in either his petition or objection. *See* [Doc. Nos. 1, 6]. As the R. & R. noted, a claim that the state trial court lacked jurisdiction, without more, is insufficient to constitute a viable claim of actual innocence. *See also Pacheco*, 48 F.4th at 1183 (holding that petitioner's "jurisdictional argument does not show actual innocence"). Thus, there is not an applicable equitable exception to the AEDPA's one-year limitation period in this case and the petition is untimely and should be dismissed with prejudice.[8]

### III. Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. Pitts must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Pitts can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation

---

[8] The Tenth Circuit recognizes that untimely habeas petitions should be dismissed with prejudice. *See McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . .").

omitted). After considering this Order, the R. & R., the record, and the state of current law, the Court finds that reasonable jurists could not debate the Court's determinations that Mr. Pitts's habeas petition is untimely and that he is not entitled to statutory or equitable tolling or exception. Because Mr. Pitts cannot make the required showing, the Court declines to issue a certificate of appealability.

**IV.** **Conclusion**

Having carefully and thoroughly considered the issues identified in the objection de novo, and for the reasons discussed above, the Court:

(1) ADOPTS and ACCEPTS the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 5];

(2) DISMISSES the § 2254 petition with prejudice as untimely; and

(3) DENIES a certificate of appealability.

IT IS SO ORDERED this 1st day of December 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE